IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Chapter 7 |
| DORA M. COSTA | : | Case Number 19-11235 |
|     Debtor | : | |
| | : | |
| DORA M. COSTA | : | |
|     Plaintiff | : | |
| v. | : | Adversary Number: |
| | : | |
| BETSY DEVOS, SECRETARY OF THE UNITED STATES DEPARTMENT OF EDUCATION | : | |
| | : | |
| & | : | |
| | : | |
| GREAT LAKES EDUCATIONAL LOAN SERVICES, INC | : | |
|     Defendants | : | |

COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN

COMES NOW, Debtor, Dora M. Costa (hereinafter "Debtor"), by and through her undersigned counsel, Vivian A. Houghton, Esquire, moves for Dischargeability of Student Loan pursuant to 11 U.S.C. Section 523(a)(8) for the following reasons:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1409 (a).

## PARTIES

4. The Debtor is an individual residing in Middletown, Delaware.

5. Defendant, Betsy DeVos, United States Department of Education (hereinafter "Dept. of Ed"), is a government entity located at 400 Maryland Ave, SW Washington, DC 20202. Dept of Ed is believed to own the ten debts in dispute.

6. Defendant, Great Lakes Educational Loan Services (hereinafter "Great Lakes"), is the servicer for the Dept. of Ed. Great Lakes is incorporated in Wisconsin. Great Lakes is located at 2401 International Lane Madison, WI 53704.

## STATEMENT OF FACTS

7. Debtor filed a Chapter 7 Bankruptcy on May 31, 2019.

8. On Schedule F, Debtor listed two unsecured debts owed to the Dept. of Ed.

9. One of the loans is broken out into two separate payout dates.

10. Debtor did not take student loans for herself. Both loans are Direct Parent Plus loans.

11. On October 23, 2014, Debtor obtained a loan for her daughter, Alexis Costa (hereinafter Alexis), for her to attend Dawn Institute. The original principal amount of the loan was seven thousand four hundred fourteen dollars ($7,414.00).

12. The second loan was disbursed at two separate times. The disbursement dates were September 7, 2016 and March 19, 2019. The total amount of the second loan is twenty-two thousand six hundred forty-seven dollars ($22,647.00).

13. On September 7, 2016, the first disbursement was for her daughter, Devan Costa (hereinafter Devan), to attend Millersville University. The first disbursement

amount was twenty thousand five hundred eighty-four dollars ($20,584.00).

14. On March 19, 2019, the second disbursement was for Devan's housing at Millersville University. The second disbursement amount was two thousand six-three dollars ($2,063.00).

15. Debtor works as an operation specialist 2 for the State of Delaware. Debtor has been working with the State of Delaware for a little over a year.

16. Debtor previously worked for Concord K. King, Jr. MD (hereinafter "Dr. King"). She left her employment in May, 2018.

17. Debtor left her job with Dr. King due to the job being highly stressful.

18. Debtor took a pay cut of over twenty-four thousand dollars ($24,000).

19. Debtor went to her doctor for the stress.

20. Debtor has high blood pressure, hyper tension, Supra entricular tachycardia, and she is unable to see out of her right eye due to a vein bursting. The vein bursting was cause by her medical problems.

21. Debtor has received no benefit from the loans and she felt she was forced into these loans to help her children obtain an education.

**REVIEW OF LAW**

22. The Third Circuit has adopted the three–part test for evaluating undue hardship that was set forth in the case of *Brunner v. New York Higher Educ. Servs. Corp.*, 831 F.2d 395 (2nd Cir. 1987).

23. The *Brunner* test requires (1) present inability to repay the loan while maintain a minimal standard of living; (2) additional circumstances suggesting that the present

inability to pay will continue for a significant period of the loan's repayment period; and (3) a past, good faith effort to repay the loan.

24. As stated previously, the Debtor is unable to maintain a minimal standard of living. Debtor is making minimal money. The cost of Debtor's rent is lower than the average cost of rent in Delaware. Using gross income, Debtor is slightly over the 150% poverty guideline. *See*, *In re Tinsley*, Adv. No 17-1622-ABA (Bankr. N.J. 2018).

25. Debtor believes the second prong of the *Brunner* test has been met. When Debtor worked for Dr. King, Debtor's health became problem due to the increased stress.

26. The third prong of the *Brunner* test requires good faith effort. Debtor believes the third prong has been met. Debtor paid six to seven payments, until the account went into deferment. Debtor could enter an income-driven repayment; however, Debtor would first have to consolidate the loans. Consolidating the loans would be detrimental to Debtor since the principal and interest that has been accruing would be combined into large loan. "Debtor's conduct in failing to make voluntary repayment [is not] indicative of a lack of good faith." *In re Jones*, 495 B.R. 674, 690 (Bankr. E.D. Pa. 2013). Debtor not participating in an IDR is not necessarily a lack of good faith. *In re Crawley*, 460 B.R. 421, 445 (Bankr. E.D. Pa. 2011).

27. Denial of discharge of these loans would impose undue hardship on the Debtor and her family.

WHEREFORE, Debtor prays that this Court enter an Order declaring the student loans owed to the United States Department of Education and serviced by Great Lakes Educational Loan

Services, Inc. to be dischargeable in this bankruptcy case.

Dated:  October 8, 2019

<u>/S/ Vivian A. Houghton</u>
Vivian A. Houghton, Esquire
800 N. West Street, 1st Floor
Wilmington, Delaware 19801
(302) 658-0518
Attorney for Debtor